Matthew K. LaVelle – State Bar No. 018828
**LaVelle & LaVelle, PLC**
5080 North 40th Street, Suite 455
Phoenix, AZ 85018
Telephone: (602) 279-2100
Facsimile: (602) 279-2114
matt@LaVelle-LaVelle.com
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AllianceMed, LLC, as authorized representative of S.G., <br><br> Plaintiff, <br><br> vs. <br><br> Aetna Life Insurance Company, and Aetna Health, Inc., <br><br> Defendants. | No. <br><br> **COMPLAINT** |

Plaintiff, AllianceMed, LLC ("AllianceMed"), as duly-appointed authorized representative of S.G., by way of this Complaint against Aetna Life Insurance Company, and Aetna Health Inc., (Aetna Life Insurance Company and Aetna Health, Inc. are collectively referred to herein as "Aetna" or "Defendants") hereby alleges upon personal knowledge as to itself and its own acts, and upon information and belief as to all other matters, based upon, inter alia, the investigation made by and through his attorneys, as follows:

## PARTIES

1. AllianceMed is an Arizona corporation with a principal place of business at 18631 N. 19th Avenue, Suite 158-215, Phoenix, Arizona, 85027. AllianceMed performs medical billing services on behalf of North Valley Outpatient Surgery Center, Inc. ("North Valley").

2. Upon information and belief, Aetna Life Insurance Company ("Aetna Life") is a Connecticut corporation duly authorized to do business in Arizona with a principal place of business located at 151 Farmington Avenue, Hartford, Connecticut 06156.

3. Upon information and belief, Aetna Health, Inc. ("Aetna Health") is a New York corporation duly authorized to do business in Arizona with a principal place of business located at 101 Park Avenue, 15th Floor, New York, New York 10178.

4. Upon information and belief, Aetna underwrite and/or administer certain commercial health plans ("Plan" or "Plans"), through which healthcare expenses incurred by Plan insureds ("insureds") for services and/or products covered by the Plans ("Covered Services") are reimbursed by and/or through Aetna, subject to each Plan's term.

5. At all times relevant hereto, S.G., was a "beneficiary," as defined by 29 U.S.C. § 1002(8), in an "Employee Health Benefit Plan," as defined by 29 U.S.C. § 1002(1).

## JURISDICTION AND VENUE

6. Aetna's actions in administering the Plan are governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 to 1461 ("ERISA"). This Court, therefore, has subject matter jurisdiction over the claim for benefits brought under 29 U.S.C. § 1132(a)(1)(B) herein pursuant to 29 U.S.C. § 1132 (e).

7. Venue in this District is appropriate pursuant to 28 U.S.C. § 1391, as the District of Arizona is the District where one or more of the Defendants reside and because this is the District where a substantial amount of the activities forming the basis of the Complaint occurred.

## STANDING

8. As a beneficiary of the Plan as that term is defined in 29 U.S.C. § 1002(8), S.G. has standing to bring this action under 29 U.S.C. § 1131(a)(1)(B).

9. By and through a designation of authorized representative, S.G. has designated AllianceMed as his "authorized representative," as defined in 29 C.F.R. § 2560.503-1, and AllianceMed may, therefore, bring this action on behalf of S.G. under 29 U.S.C. § 1131(a)(1)(B).

## FACTUAL ALLEGATIONS

10. North Valley is an Arizona corporation with a principal place of business at 20950 N. Tatum Blvd., Suite 170, Phoenix, Arizona 85050 operating as an outpatient surgery center. AllianceMed performs certain billing services on behalf of North Valley.

11. On or about November 9, 2014, a surgical procedure was performed on S.G. at North Valley.

12. Then, on November 18, 2014, S.G. executed a designation of authorized representative to AllianceMed, which states in relevant part:

> I, the undersigned ("Principal") have insurance and/or employee health care benefits coverage (collectively "Benefits") with the named Insurer/Payor ("Payor") and hereby assign Matthew Perez, individually, and as a manager of AllianceMed, LLC, and any employees of AllianceMed who assists my healthcare claim(s) (collectively "AllianceMed"), as my designated Authorized Representative.

13. The designation of Authorized Representative also states in relevant part:

> I hereby authorize AllianceMed to adjudicate all claim(s) and appeals and undertake all administrative and legal processes on my behalf so that all claim(s) are paid to satisfaction of the provider(s) who rendered healthcare

        services to me and I owe payment.  Furthermore, I grant AllianceMed complete discretionary authority necessary to fulfill its role as my Authorized Representative to adjudicate my healthcare claim(s) from Payor.

14. Pursuant to the above designation of authorized representative, on November 21, 2014, AllianceMed timely submitted bills directly to Aetna for the services rendered to S.G. on November 5, 2014 for an amount of $11,000.00.

15. Aetna denied S.G.'s claims, alleging that the services provided to S.G. were not covered by his Plan due to a limit of charges.

16. AllianceMed, on S.G.'s behalf, did seek a reversal of the adverse benefit determinations.  Specifically, on or about September 10, 2015, AllianceMed submitted a first level appeal with Aetna.  This first level appeal was denied on January 1, 2016.  Then, on or about January 12, 2016, AllianceMed submitted a second level appeal to Aetna.

17. Nevertheless, Aetna denied and/or ignored each of AllianceMed's appeals on behalf of S.G. for the November 5, 2014 date of service.

18. On or about November 21, 2014, S.G. again underwent a procedure at North Valley.

19. AllianceMed again timely submitted bills directly to Aetna for the services rendered to S.G. on November 21, 2014 for an amount of $11,000.00.

20. Aetna denied S.G.'s claims, alleging that the services provided to S.G. were not covered by his Plan because the "charge exceeds the fee schedule/maximum allowable or contracted/legislated fee arrangement."

21. AllianceMed, on S.G.'s behalf, did seek a reversal of the adverse benefit determinations. Specifically, on or about February 27, 2015, AllianceMed submitted a first level appeal with Aetna.  This first level appeal was denied on April 3, 2015 because the services were rendered by an out-of-network health care provider and therefore Aetna contends it should only pay 90% of the

Medicare Allowable Rate. Aetna further denied the appeal on the basis that the payment was included in the surgery and/or procedure fee.

22. Then, on or about April 28, 2015, AllianceMed submitted a second level appeal to Aetna.

23. Nevertheless, Aetna denied and/or ignored each of AllianceMed's appeals on behalf of S.G.

24. Any administrative remedies that may be required to be pursued under ERISA have been exhausted, should be deemed exhausted under applicable regulations, or would be futile under the circumstances, and are therefore excused.

25. Because Aetna failed to pay the claims here in issue within the timeframes set forth in 29 C.F.R. § 2560.503-1, AllianceMed is permitted to immediately pursue remedies available under 29 U.S.C. § 1132 on behalf of S.G.

## COUNT ONE

### (Claim for Plan Benefits Under 29 U.S.C. § 1132(a)(1)(B))

26. AllianceMed repeats and realleges each and every allegation contained in paragraphs 1 through 25 of the Complaint as if set forth at length herein.

27. By failing to pay benefits to AllianceMed for the services provided to S.G., Defendants violated obligations set forth in its Plan, and such denials were arbitrary, capricious, and manifestly mistaken.

28. Because S.G. is a beneficiary of his Plan, and because AllianceMed is the authorized representative of S.G., AllianceMed has standing to bring this cause of action under 29 U.S.C. § 1132(a)(1)(B) to enforce rights created by the Plan and to seek benefits relating to services provided to S.G.

Wherefore, Plaintiff AllianceMed, as the authorized representative of S.G., demands judgment against Defendants Aetna Life Insurance Company and Aetna Health, Inc. as follows:

1  A. Declaring that Defendants violated their duties and obligation under
2  the Plan by failing to pay benefits relating to the services provided to S.G.;
3  B. Directing Defendants to pay benefits to AllianceMed relating to the
4  services provided to S.G.;
5  C. Prejudgment interest;
6  D. Attorneys' fees pursuant to 29 U.S.C. § 1132(g)(1);
7  E. Costs pursuant to 29 U.S.C. § 1132(g)(1); and
8  F. Such other and further relief as the Court may deem equitable and
9  just.

Dated this 20th day of July, 2016.

**LaVELLE & LaVELLE, PLC**

By: /s/ Matthew K. LaVelle
    Matthew K. LaVelle, Esq.
    5080 North 40th Street, Suite 455
    Phoenix, AZ  85018