WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AllianceMed LLC,<br><br>   Plaintiff,<br><br>v.<br><br>Aetna Life Insurance Company, et al.,<br><br>   Defendants. | No. CV-16-02435-PHX-JAT<br><br>**ORDER** |

  Pending before the Court is Aetna Life Insurance Company's and Aetna Heath, Inc.'s (collectively "Aetna") motion to dismiss Plaintiff AllianceMed, LLC's complaint for lack of subject-matter jurisdiction. (Doc. 9). Also pending before the Court is AllianceMed's motion for leave to amend or correct the complaint. (Doc. 14). The Court now rules on the motions.

**I. Background**

  AllianceMed is a company that performs medical billing services on behalf of North Valley Outpatient Surgery Center ("North Valley"). (Doc. 1 at ¶ 10). Patient S.G. is a beneficiary of an employee health benefit plan administered by Aetna and governed by the Employee Retirement Income Security Act ("ERISA") (*Id.* at ¶ 6). In November 2014, S.G. underwent two surgical procedures at North Valley. After the first surgery, S.G. signed a designation of authorized representative form ("DARF") naming AllianceMed as S.G.'s "authorized representative" for the purposes of filing insurance

claims and appealing unfavorable outcomes. In relevant part, the DARF provided:

> I, the undersigned, ("Principal") have insurance and/or employee healthcare benefits coverage (collectively "Benefits") with the named Insurer/Payor ("Payor"), and hereby assign Matthew Perez, individually and as a Manager of AllianceMed, LLC, and any employees of AllianceMed who assists with my healthcare claim(s) (collectively ("AllianceMed"), as my designated Authorized Representative. <u>I hereby authorize AllianceMed to adjudicate all claim(s) and appeals and undertake all administrative and legal processes on my behalf so that all claim(s) are paid to satisfaction of the provider(s) who rendered healthcare services to me and I owe payment</u>. Furthermore, I grant AllianceMed complete discretionary authority necessary to fulfill its role as my Authorized Representative to adjudicate my healthcare claim(s) from Payor.
>
> For valuable consideration received and for adjudicating these claims on my behalf, I hereby convey to AllianceMed, to the full extent permissible under contract, law and/or equity (including but not limited to, ERISA, the Patient Protection and Affordable Care Act, state laws, any applicable employee group health plan(s) and any insurance policy) all remedies I may be entitled to stemming from or pertaining to the healthcare expenses I incurred as a result of the medical services/treatments I received within the past three (3) months and/or any services/treatments I will receive for a period of one (1) year hereafter. The abovementioned conveyance is subject to any assignment of payment I have made to the any [sic] healthcare provider who rendered said medical services/treatments.

(Doc. 9-2, Exhibit A). On S.G.'s behalf, AllianceMed submitted two claims for payment from Aetna, one for each of the surgical procedures. Both of S.G.'s claims were denied. (Doc. 1 at ¶¶ 14–15, 19–20). AllianceMed then submitted first- and second-level appeals to Aetna, seeking a reversal of the adverse benefit terminations. Aetna denied each of the appeals. (*Id.* at ¶¶ 16–17, 22–23).

AllianceMed then filed this action under 29 U.S.C. § 1132, claiming that Aetna violated its policy obligations to S.G. when it refused to pay for benefits for the surgical procedures. (Doc. 1 at ¶ 27). Aetna now moves to dismiss AllianceMed's complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(1), arguing that AllianceMed does not have standing to bring the suit. (Doc. 9 at 1).

**II.   Analysis**

Article III standing is "a species of subject-matter jurisdiction," and a litigant may seek dismissal for lack of standing under Rule 12(b)(1). *Cariajano v. Occidental Petroleum Corp.*, 645 F.3d 1216, 1227 (9th Cir. 2011); *Kingman v. Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008) ("Unless the jurisdictional

issue is inextricable from the merits of a case, the court may determine jurisdiction on a motion to dismiss for lack of jurisdiction under Rule 12(b)(1)"). In ruling on a challenge under Rule 12(b)(1), the Court presumes that a cause lies outside of its subject-matter jurisdiction until the Plaintiff proves otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). If the Court concludes that it lacks subject-matter jurisdiction over a claim, it must dismiss the claim in its entirety. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

The language of ERISA expressly limits which parties have standing to sue to enforce the terms of an ERISA-governed insurance policy. Under 29 U.S.C. § 1132(a), a civil action filed pursuant to an ERISA plan may be brought only by the Secretary of Labor or a plan participant, beneficiary, or fiduciary. *See Spinedex Physical Therapy USA, Inc. v. United Healthcare of Ariz.*, 770 F.3d 1281, 1289 (9th Cir. 2014). However, plan participants have the right to assign their health and welfare benefits to a healthcare provider. *Eden Surgical Cent. v. B. Braun Med., Inc.*, 420 Fed.Appx. 696, 697 (9th Cir. 2011) (citing *Misic v. Bldg. Serv. Emp. Health & Welfare Trust*, 789 F.2d 1374, 1378 (9th Cir. 1986)). After such an assignment, the assignee "stands in the shoes" of the plan participant, giving the assignee standing to sue as a beneficiary of the policy. *Misic*, 789 F.2d at 1378; *see also* 29 U.S.C. § 1132(a). In *Misic*, the Ninth Circuit Court of Appeals explained that allowing an assignee of benefits to sue under ERISA was consistent with extensive case law "reflecting the premise that a valid assignment confers upon the assignee standing to sue in place of the assignor." *Id.* Although a non-participant, such as a healthcare provider, cannot bring claims on its own behalf, it may do so "derivatively, relying on its patients' assignments of their benefit claims." *Spinedex*, 770 F.3d at 1289.[1]

After considering the language of the DARF, the Court has concluded that AllianceMed is not an assignee of S.G.'s insurance policy. The DARF gave AllianceMed

---

[1] The Circuit Court further noted that this premise is valid even when there is a statutory provision limiting the parties who have standing to bring suit, so long as the assignment is valid under the governing rules. *Id.* (citing *United States v. Carter*, 353 U.S. 210, 215 (1982) (discussing an assignment of a contract governed by the Miller Act)).

- 3 -

the authority to represent S.G. in the internal payment, claims, and appeal process. But it did not give AllianceMed a contractual right to collect benefits under the plan. To the contrary, the DARF included a disclaimer that any "remedies" to which S.G. was entitled under the plan would be collectible by AllianceMed only "subject to any assignment of payment . . . to any healthcare provider." (Doc. 9-2 at 2). Notably, AllianceMed neither argues nor alleges that it is an assignee or beneficiary of the policy. Instead, it contends that under 29 U.S.C. § 1132, an "authorized representative" also has standing to enforce an ERISA policy. (Doc. 1 at 3 ¶ 9; Doc. 13 at 2). But this argument is inconsistent with the rules governing Article III standing, which require a plaintiff to "have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). Because AllianceMed is not entitled to benefits under S.G.'s insurance policy, it cannot have sustained injury when those benefits were denied.[2] Accordingly, AllianceMed has no standing to sue to enforce the policy as a beneficiary. *See* 29 U.S.C. § 1132(a).

Similarly, the Court also rejects AllianceMed's argument that precluding an authorized representative from bringing suit in federal court is contrary to the Code of Federal Regulations ("C.F.R.") governing ERISA. AllianceMed cites 29 C.F.R. § 2560.503-1(b)(4), which provides that the claims procedures for an ERISA-governed insurance policy are valid only if they "do not preclude an authorized representative of a claimant from acting on behalf of such claimant in pursuing a benefit claim or appeal of an adverse benefit determination." 29 C.F.R. § 2560.503-1(b)(4). But the "claims procedures" discussed by this section of the C.F.R. are *internal* claims procedures: "the filing of benefit claims, notification of benefit determinations, and appeal of adverse benefit determinations." 29 C.F.R. § 2560-503.1(b). Although the C.F.R. allows a representative to act on the claimant's behalf when dealing with the insurance company,

---

[2] Similarly, the DARF did not obligate AllianceMed to pay any of the medical expenses S.G. incurred as a result of North Valley's care. Because AllianceMed had no obligation to pay for the care underlying the insurance claims, it was not injured when the claims were denied.

- 4 -

it does not bestow upon that representative standing to file suit against the company in federal court.[3] AllianceMed does not have standing to sue Aetna as S.G.'s authorized representative.

AllianceMed has also filed a motion for leave to amend the complaint to add Matthew Perez as a plaintiff in the action. (Doc. 14). But such an amendment would not cure the lack of standing because the DARF was not an assignment of benefits to Matthew Perez. Accordingly, Matthew Perez does not have standing to sue Aetna, and adding him as a plaintiff would be futile to cure the jurisdictional deficiencies outlined above. The motion is therefore denied.[4]

## III. Conclusion

For the reasons stated above,

**IT IS ORDERED** that Defendant Aetna's motion to dismiss (Doc. 9) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff AllianceMed's motion for leave to amend the complaint (Doc. 14) is DENIED.

**IT IS FURTHER ORDERED** that AllianceMed has 30 days to file an amended complaint to cure the deficiencies identified herein. If AllianceMed fails to file an amended complaint within 30 days of the date of this Order, the Clerk of the Court shall,

---

[3] For the same reasons, the Court also rejects AllianceMed's argument that Aetna waived its challenge to AllianceMed's authority to file suit when it did not object to AllianceMed's participation in the internal claims process. (*See* Doc. 13 at 4).

[4] Under previous Ninth Circuit precedent, this Court was required to grant leave to amend, *sua sponte*, when granting a motion to dismiss, unless a pleading could not be cured by the allegation of other facts. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000_ (en banc). However, this precedent has been called into question by recent Ninth Circuit decisions in light of the amendment to Rule 15, which now allows parties twenty-one days from responsive pleadings and motions to dismiss to amend as of right. *See Lacey v. Maricopa County,* 693 F.3d 896, 927 (9th Cir. 2012) (citing *Doe v. United States,* 58 F.3d 494, 497 (9th Cir. 1995)). Further, when a plaintiff requests leave to amend, the Court must consider the following factors: (1) undue delay, (2) bad faith, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint. *Western Shoshone Nat. Council v. Molini,* 951 F.2d 200, 204 (9th Cir. 1991). Here, amending the complaint would not be futile to cure the jurisdictional deficiencies. Accordingly, although the Court denies AllianceMed's request to amend the complaint as it proposed in its motion, it will grant AllianceMed leave to amend the complaint pursuant to the filing of this order.

1  without further Court order, enter judgment of dismissal, with prejudice as to this entire
2  case and as to all Defendants.
3  **IT IS FURTHER ORDERED** that AllianceMed shall effect service of the
4  Amended Complaint and Summons upon all Defendants no later than 30 days after the
5  filing of the Amended Complaint.
6  Dated this 30th day of January, 2017.

James A. Teilborg
Senior United States District Judge